1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KEVIN POPPEN,

11          Plaintiff,                    No. 2:10-cv-0568-MCE-JFM (PC)

12      vs.

13   LIONEL FOSTER, M.D., et al.,

14          Defendants.              <u>FINDINGS AND RECOMMENDATIONS</u>

15   _____/

16          Plaintiff is a state prisoner proceeding through counsel with a civil rights action

17   pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302

18   pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff claims that his rights under the Eighth Amendment

19   were violated by deliberate indifference to his serious medical needs.  This action is proceeding

20   against six defendants named in plaintiff's original complaint, filed March 10, 2010.  Four of

21   those defendants have moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a

22   claim upon which relief may be granted.[1]  The motion came on for hearing on this court's regular

23   _____

24          [1] Two of the defendants, Lionel Foster and T. Kimura-Yip, have not yet appeared in the
     action.  On August 18, 2010, service directed to defendant Lionel Foster was returned
25   unexecuted.  By separate order, plaintiff will be directed to provide additional information to
     serve defendant Foster.

26

1  law and motion calendar on August 26, 2010.  Ian M. Hunter, Esq., appeared as counsel for

2  plaintiff.  Shanan L. Hewitt, Esq., appeared as counsel for the moving defendants.

3                               STANDARDS FOR A MOTION TO DISMISS

4                  Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to

5  dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

6  In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as

7  true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197

8  (2007), and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes,

9  416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint

10  must contain more than "a formulaic recitation of the elements of a cause of action;" it must

11  contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell

12  Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007).  However, "[s]pecific facts are not

13  necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . .

14  claim is and the grounds upon which it rests."'"  Erickson, 551 U.S. 89, 127 S.Ct. at 2200

15  (quoting Bell Atlantic at 554, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).

16                               ALLEGATIONS OF PLAINTIFF'S COMPLAINT

17                  Plaintiff's complaints contains the following allegations against the four

18  defendants who have moved to dismiss.[2]

19                  Plaintiff is a thirty year old man in the custody of the California Department of

20  Corrections and Rehabilitation (CDCR).  At all times relevant to this action he was housed at

21  Mule Creek State Prison (Mule Creek).  On May 3, 2008, plaintiff submitted a CDC form 7362

22  medical request, stating that he had a painful enlarged right testicle and asking that his request be

23  given priority.  On May 6, 2008, plaintiff was examined by an R.N., who "found 'R testicular

24  _____

25       [2] Counsel for these four defendants also suggests that defendant T. Kimura-Yip should
    be dismissed, although counsel also expressly states that counsel is not appearing on defendant
26  Kimura-Yip's behalf.

                                                    2

swelling – R/O mass – Needs M.D. assessment today.'"  Complaint, filed March 10, 2010, at 5.
Instead of a doctor, plaintiff was seen by a physician's assistant, who noted that plaintiff was
complaining of testicular pain and problems urinating.  The physician's assistant prescribed 800
mg motrin twice a day.  Plaintiff asked for stronger medication but was told that the physician's
assistant was not licensed to prescribe stronger pain medication.

On May 16, 2008, plaintiff saw defendant Soltanian-Zadeh, a D.O.  Plaintiff
requested examination by a specialist and stronger pain medication.  Dr. Soltanian-Zadeh refused
the request.  On May 21, 2008, another physician submitted a physician's request for diagnostic
procedures for plaintiff, for a principle diagnosis of orchitis and notes that plaintiff's right testicle
was "[p]ainful, hard, hypuremic/hyperthermic."  Id. at 6.

By June 11, 2008, plaintiff still had not had the additional testing.  He submitted
another medical request, noting that the problem was getting worse and requesting expedited
treatment.  Plaintiff was seen by a nurse who noted that he was in "acute distress."  Id.  On June
20, 2008, plaintiff was treated as a medical emergency by security staff and taken in a wheelchair
to the clinic, where the nurse noted that plaintiff's pain and swelling was "worse with no relief
from motrin."  Id. at 7.  The nurse telephoned defendant Soltanian-Zadeh, who, without seeing
plaintiff, diagnosed no change from the last exam, recommended the addition of Tylenol, and
said he would see plaintiff in approximately two weeks.

Seventeen days later, plaintiff still had not been seen.  On July 17, 2008, plaintiff
submitted another medical request.  On July 22, 2008, plaintiff was taken to the San Joaquin
General Hospital for an ultrasound.  The findings were that plaintiff's right testicle "'is
predominantly solid with multiple solid cystic structures scattered throughout the mass.  This
most likely represents testicular neoplasm.'"  Id.  On July 29, 2008, plaintiff submitted an inmate
appeal complaining that it had been nearly three months since he first reported the testicular
swelling, that it could be cancer, and that he did not know what was going on.  He requested
/////

1  "'adequate medical treatment for this urgent problem.'"  Id. at 8.  About a month later, plaintiff

2  received a response that he was scheduled for a follow up in the first week of September.

3          Plaintiff resubmitted his appeal on August 25, 2008, again requesting treatment.

4  On August 24, 2008, plaintiff was taken to the central clinic, where a nurse telephoned defendant

5  Soltanian-Zadeh and reported that plaintiff was in pain from the swollen right testicle.  Dr.

6  Soltanian-Zadeh prescribed naproxen and told them to set plaintiff up to return the next day.

7  Defendant Soltanian-Zadeh also informed defendant Heatley that plaintiff's ultrasound results

8  had come in and required "'[u]rgent CT and urology'" as well as other tests.  On August 26, 2008,

9  defendant Soltanian-Zadeh submitted a request for an "urgent" urology consultation.  On August

10  29, 2008, defendant Heatley approved the request for a consultation on October 16, 2008.

11          Plaintiff was not informed of this appointment.  On September 9, 2008, he

12  submitted another inmate appeal, asking to know if and when an appointment had been

13  scheduled.  On September 11, 2008, defendant McLean returned the appeal plaintiff had filed in

14  August, stating that it was being returned because of "'No Adverse Affect.'"  Id. at 9.  Plaintiff

15  resubmitted the appeal on the same day.  On the same day, a CT found that plaintiff had a right

16  testicular neoplasm.  On October 16, 2008, the San Joaquin General Hospital Urology Clinic

17  recommended surgery.  On October 23, 2008, plaintiff underwent a right radical orchiectomy

18  with placement of a prosthesis.  He was returned to prison the same day.

19          On October 24, 2008, plaintiff reported that he was in a lot of pain and that

20  vicodin was not helping.  Defendant Soltanian-Zadeh ordered the vicodin continued.  Plaintiff's

21  bandages were not properly changed post-operatively.  On October 28, 2008, plaintiff again

22  requested better pain medication from defendant Soltanian-Zadeh, as well as "a lay-in and cell

23  feed."  Defendant Soltanian-Zadeh refused all of these requests.  On November 5, 2008, plaintiff

24  was seen at San Joaquin General Hospital, diagnosed with a right scrotal hematoma, referred to

25  oncology, and prescribed vicodin and keflex, an antibiotic.  Between November 6 and 17, 2008,

26  plaintiff repeatedly requested the antibiotics and bandage changes from nurses at Mule Creek.

4

They refused.  On November 22, 2008, he wrote another medical request staying that the hole in his scrotum appeared to be getting bigger and he was in a lot of pain.  On November 30, 2008, plaintiff went to the clinic because the hole in his scrotum was growing and he was in a lot of pain.  At around 10:00 p.m. that night, the prosthetic fell out.  A few days later, plaintiff asked medical staff at Mule Creek to treat him.  Defendant Soltanian-Zadeh told plaintiff "it was San Joaquin's problem."  Id. at 13.

On October 3, 2008, plaintiff submitted his appeal to the second level of administrative review.  On December 10, 2008, defendant Weinholdt responded that plaintiff's care at Mule Creek "'has been appropriate and timely.'"  Id.  On November 5, 2009, defendant Kimura-Yip responded to one of plaintiff's grievances at the third and final level of administrative review with the finding that plaintiff's request for adequate medical care for continuing groin pain was a "new issue" and would "not be addressed."  Id. at 14.

DEFENDANTS' MOTION

As noted above, plaintiff's claim against all four moving defendants is that they violated his rights under the Eighth Amendment by acting with deliberate indifference to his serious medical needs.  In order to state a claim for relief under the Eighth Amendment, plaintiff must allege that he had a "serious medical need" and that defendant acted with "deliberate indifference" to that need.  Estelle v. Gamble, 429 U.S. 97, 105 (1976).  A medical need is serious if "the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992) (quoting Estelle, 429 U.S. at 104).  Deliberate indifference is proved by evidence that a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Mere negligence is insufficient for Eighth Amendment liability.  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

5

1          Whether a defendant had requisite knowledge of a substantial risk is a question of

2   fact and a fact finder may conclude that a defendant knew of a substantial risk based on the fact

3   that the risk was obvious.  Farmer, 511 U.S. at 842.  While the obviousness of the risk is not

4   conclusive, a defendant cannot escape liability if the evidence shows that the defendant merely

5   refused to verify underlying facts or declined to confirm inferences that he strongly suspected to

6   be true.  Id.  Deliberate indifference specifically to medical needs "may be shown by

7   circumstantial evidence when the facts are sufficient to demonstrate that a defendant actually

8   knew of a risk of harm."  Lolli v. County of Orange, 351 F.3d 410, 421 (9th Cir. 2003).

9          "Prison officials are deliberately indifferent to a prisoner's serious medical needs

10  when they deny, delay, or intentionally interfere with medical treatment."  Hallett v. Morgan, 296

11  F.3d 732, 744 (9th Cir. 2002) (internal citations and quotation marks omitted).  However, delay

12  in providing medical treatment to a prisoner does not constitute deliberate indifference unless the

13  delay causes harm.  Shapley v. Nevada Bd. of State Prison Com'rs, 766 F.2d 404 (9th Cir. 1985).

14  "A prisoner need not show his harm was substantial; however, such would provide additional

15  support for the inmate's claim that the defendant was deliberately indifferent to his needs."  Jett

16  v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing McGuckin, at 1060).

17         Defendants McLean and Weinholdt seek dismissal on the grounds that the

18  allegations against them all relate to the processing of plaintiff's inmate grievance, that plaintiff

19  has no substantive right in an inmate grievance procedure, and that their responses to plaintiff's

20  grievances cannot form the basis for liability in this § 1983 action.  As plaintiff correctly

21  observes in opposition to the motion, this argument misses the mark.

22         Plaintiff seeks to impose liability on defendants McLean and Weinholdt on the

23  grounds that their substantive responses to his administrative appeals, by which he was seeking

24  medical care that he alleges was urgently needed, contributed to the delays in getting necessary

25  care and the attendant pain and suffering he experienced.  The allegations of the complaint are

26  that defendant McLean received plaintiff's August 25, 2008 appeal on or about August 28, 2008.

In that appeal, plaintiff stated that he had been waiting four months for medical care for a condition that might be cancer.  Plaintiff alleges that defendant McLean returned the appeal to plaintiff citing "No Adverse Affect."  These allegations are sufficient to state a cognizable claim against defendant McLean for contributing to alleged delays plaintiff experienced in trying to get necessary medical care.

Similarly, plaintiff alleges that defendant Weinholdt received his appeal on October 2, 2008, and returned it on December 10, 2008 affirming that the medical care plaintiff had received was "appropriate and timely."  The allegations of the complaint are sufficient to suggest otherwise, and to state a cognizable claim against defendant Weinholdt for contributing to alleged delays plaintiff experienced in trying to get necessary medical care.

Defendant Heatley seeks dismissal on the grounds that he is the chief medical officer at Mule Creek and cannot be held liable under a theory of respondeat superior, and that the only charging allegation against him is that he approved a urology consult for plaintiff.  This argument is without merit.  The allegations of the complaint are that on August 26, 2008, defendant Soltanian-Zadeh submitted a request for an urgent urology consult for plaintiff, and that on August 29, 2008, defendant Heatley approved the request but set the consult for October 16, 2008, almost seven weeks into the future.  Plaintiff's claim is that the decision to set the consult that far away constituted actionable delay.  Under the facts alleged in the complaint, these allegations are sufficient to state a cognizable claim for relief against defendant Heatley.

Finally, defendant Soltanian-Zadeh seeks dismissal on the grounds that plaintiff's allegations against him amount to no more than a difference of opinion or mere negligence, neither of which are cognizable theories of relief in a § 1983 action.  This argument is without merit.  The allegations of the complaint are sufficient to state a cognizable claim for relief against defendant Soltanian-Zadeh for deliberate indifference to plaintiff's serious medical needs, both pre- and post-operatively.

/////

1    In accordance with the above, IT IS HEREBY RECOMMENDED that:

2       1.  Defendants' June 25, 2010 motion to dismiss be denied; and

3       2.  Defendants McLean, Weinholdt, Heatley, and Soltanian-Zadeh be directed to

4    answer plaintiff's complaint within ten days from the date of any order by the district court

5    adopting these findings and recommendations.

6       These findings and recommendations are submitted to the United States District

7    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

8    days after being served with these findings and recommendations, any party may file written

9    objections with the court and serve a copy on all parties.  Such a document should be captioned

10   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

11   objections shall be filed and served within fourteen days after service of the objections.  The

12   parties are advised that failure to file objections within the specified time may waive the right to

13   appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

14   DATED: September 3, 2010.

16                            UNITED STATES MAGISTRATE JUDGE

18   12
19   popp0568.mtd

8